IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DAWN HOOTS,<br><br>    Plaintiff,<br><br>  vs.<br><br>DPHHS: MOYRA ANTHONY, and CHELSEY HANDFORD,<br><br>    Defendants. | CV 17-00164-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Dawn Hoots filed a motion to proceed in forma pauperis (Doc. 1) and a Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child (Doc. 2). Ms. Hoots's motion to proceed in forma pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). The petition for writ of habeas corpus should be denied.

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915

### A. Standard

Because Ms. Hoots is proceeding in forma pauperis, the Court must review her Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous

1

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of her "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

Ms. Hoots initiated this action by filing a "Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child." But a writ of habeas corpus is not an available remedy in a federal civil case involving child custody. 28 U.S.C. § 2254(a) provides that federal courts "shall entertain an application for a

writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  The Supreme Court has expressly held that children in foster care are not "in custody" of the State for purposes of Section 2254.  *Lehman v. Lycoming Cnty. Children's Servs.*, 458 U.S. 502, 510-11 (1982).  Simply put, "the 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas."  *Id.* at 511.  Such children "are not prisoners[,] [n]or do they suffer any restrictions imposed by a state criminal justice system."  *Id.* at 510.  "They are in the 'custody' of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents."  *Id.* at 510-11.

The Supreme Court therefore declined to extend federal habeas jurisdiction under Section 2254 to challenges involving the custody of children.  *Id.* at 516; *see also Bell v. Dep't of Soc. & Health Servs.*, 382 Fed.Appx. 669, 670 (9th Cir. 2010) (reaffirming that there is no federal habeas jurisdiction "to challenge the constitutionality of a state statute under which a State has obtained custody of children and terminated involuntarily the parental rights of their natural parent.")

Ms. Hoots's request for a writ of habeas corpus regarding the custody of her

children is beyond the purview of Section 2254.  A writ of habeas corpus is simply unavailable for this type of challenge.

Based upon the foregoing, the Court issues the following:

## ORDER

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on December 19, 2017.

3. At all times during this action, Ms. Hoots shall immediately advise the Court of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Ms. Hoots's Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child (Doc. 2) should be DENIED and this matter closed.

The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.


## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Ms. Hoots may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of March, 2018.

Timothy J. Cavan
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Ms. Hoots is being served by mail, she is entitled an additional three (3) days after the period would otherwise expire.